IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                  Civ. No. 1:19-cv- 506

$38,980.00 IN UNITED STATES CURRENCY,

    *Defendant-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C) and 21 U.S.C. § 881(a)(6).

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    $38,980.00 IN UNITED STATES CURRENCY,
    (hereafter referred to as "Defendant").

3. The defendant was seized by the Federal Bureau of Investigation on July 11, 2017, in the District of New Mexico.

4. The defendant is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a), and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the defendant will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On July 6, 2017, special agents operating within High Intensity Drug Trafficking Area (HIDTA) assignments conducted a controlled buy of heroin from an individual ("Individual One") at a residence in Española, New Mexico. Following the purchase, Individual One was placed under surveillance by federal agents.

8. On July 11, 2017, while conducting surveillance at the same residence, agents observed another individual ("Individual Two"), an associate of Individual One, travel from the residence to a nearby storage facility in a black SUV, retrieve a black/grey plastic bag, and return to the residence. The same black SUV, driven by Individual Two then left the residence and proceeded to a Wells Fargo bank, located at 645 North Riverside Drive, Española, New Mexico.

9. While at the bank, Individual Two met with two individuals, determined to be Bryon Meoak ("Meoak") and Sara Amaniera ("Amaniera"); Meoak and Amaniera were traveling in a Chevrolet Malibu, Arizona plate number AZ/BZM9875. Both vehicles left the Wells Fargo and returned to the residence, where special agents observed Individual Two hand off the same black/grey plastic bag to the occupants of the Malibu. Meoak and Amaniera left the Española

residence, with Meoak driving the Malibu towards Santa Fe, New Mexico; special agents continued to conduct mobile surveillance of the Malibu as it traveled through Santa Fe and onto southbound Interstate 25.

10. At approximately 2:20 p.m., following a request from special agents, New Mexico State Police (NMSP) Officer Ruben Aguirre initiated a traffic stop of the Malibu containing Meoak and Amaniera.

11. Officer Aguirre was patrolling northbound on Interstate 25 near mile marker 235 in Bernalillo County, New Mexico and while patrolling he observed a gold in color, 2012 Chevrolet Malibu, bearing Arizona registration BZM9875. The vehicle was exceeding the posted speed limit.

12. The driver continued to drive to exit 234 and stopped in the parking lot of the Adobe Outpost store located at 1660 Roy Avenue, Albuquerque, New Mexico.

13. Officer Aguirre identified himself to Meoak (the driver) and Sara Amaniera (the passenger). Officer Aguirre then explained to them that he had stopped them due to the excess speed. During the stop Officer Aguirre observed that Meoak and Amaniera appeared nervous when asked for their driver's license and registration. When Meoak provided the requested documents to Officer Aguirre, he was shaking beyond what is normal, but provided his Arizona driver's license.

14. When Officer Aguirre asked Meoak if the address on his driver's license was current Meoak confirmed that it was. Officer Aguirre asked Meoak to return with him to Officer Aguirre's patrol vehicle.

15. After Meoak consented to be questioned about his travel, Officer Aguirre asked Meoak where Meoak was coming from and the reason for his travel.

16. Meoak responded that he and Amaniera had dropped off a friend in Albuquerque the night before and were going to stay in a hotel, but decided to go back home to Phoenix and that their stay was only for one day. Meoak said that he was initially going to stay at a hotel, but he did not have a debit card and couldn't get a room. Meoak said that he had been in New Mexico for one day.

17. Officer Aguirre asked who the vehicle belonged to; Meoak said it belonged to him.

18. Officer Aguirre asked Meoak if he could check the Vehicle Identification Number (VIN), by opening the driver's door to view the sticker inside the door. Officer Aguirre then asked Meoak if he could speak to Amaniera. Meoak responded yes to both questions.

19. While Officer Aguirre checked the VIN sticker inside the door frame, he asked Amaniera if he could talk to her about their travel; Amaniera responded yes.

20. Officer Aguirre asked Amaniera where they were coming from and where they were going and she responded they were coming from a hotel casino in Española and going back home to Phoenix. Officer Aguirre observed that she was avoiding eye contact, she was shaking beyond what is normal, and appeared to be nervous, Amaniera confirmed that the vehicle belonged to Meoak.

21. Officer Aguirre returned to the patrol vehicle and handed Meoak the vehicle paperwork and the citation for speeding. Officer Aguirre observed that Meoak was shaking while signing the citation.

22. Officer Aguirre told Meoak that he was free to leave. He then asked Mr. Meoak if he could ask him more questions, which Meoak agreed to.

23. Officer Aguirre then again asked Meoak about his travel to which he responded that he was coming from the Santa Clara Hotel in Española, but had stayed at the Motel 6. Meoak said he had traveled to Albuquerque to drop off Amaniera's friend, but Meoak didn't know the friend's name when asked.

24. Meoak said he is disabled when asked about his occupation.

25. Meoak confirmed that he had known Amaniera for about two (2) or three (3) years.

26. When asked if he had done any gambling, Meoak responded no, not really, and his nervousness increased.

27. Officer Aguirre then approached Amaniera and explained to her that a citation had been issued and they were free to leave. He asked her if she would agree to be questioned; Amaniera responded yes.

28. During the conversation Amaniera continued to avoid eye contact and shake beyond what is normal, and appeared extremely nervous. Officer Aguirre asked Amaniera if they had made any stops on the way; Amaniera said no.

29. Officer Aguirre then returned to Meoak and asked if he was responsible for everything in the vehicle; Meoak said yes. Officer Aguirre asked if there were any weapons or large amounts of U.S. currency. Meoak said no and denied consent to search the vehicle. Meoak's nervousness visibly increased.

30. Officer Aguirre approached Amaniera again and asked her if she was responsible for everything in the vehicle; she said no. Officer Aguirre asked her if there were any weapons, drugs or large amounts of U.S. currency in the vehicle. Amaniera said no and also denied consent to search.

31. Based upon the totality of the circumstances and all relevant information known to Officer Aguirre and other law enforcement agents, probable cause existed to search the vehicle. Officer Aguirre searched the vehicle and found a grey/black plastic bag was behind the driver's seat. The plastic bag matched the description from the surveillance where an exchange of the package was made.

32. The plastic bag contained four bundles of U.S. currency, wrapped in blue tape with clear plastic and red grease around it, totaling in the amount of $38,980.00. The currency was denominated as: 90 one dollar bills, 220 five dollar bills, 198 ten dollar bills, 1,393 twenty dollar bills, 45 fifty dollar bills, and 57 one hundred dollar bills.

33. Meoak and Amaniera denied any claim to the U.S. currency and signed a Consent to Forfeiture and were released.

34. Mr. Meoak has an extensive criminal history which includes drug offenses. He is currently incarcerated in Arizona on a seven year state court sentence, after pleading guilty to a drug trafficking offense. Ms. Amaniera was a co-defendant in that case, but has yet to be sentenced.

### First Claim For Relief

35. The United States incorporates by reference the allegations in paragraphs 1 through 34 as though fully set forth.

36. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable

instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

37. Defendant was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

38. The United States incorporates by reference the allegations in paragraphs 1 through 34 as though fully set forth.

39. Title 18 U.S.C. § 981(a)(1)(C) provides, in part, for the forfeiture of any property, real or persona, which constitutes or is derived from proceeds traceable to an offense constituting a "specific unlawful activity" (SUA) as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such offense.

40. 18 U.S.C. § 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, or any unlawful activity. Unlawful activity defined in 18 U.S.C. § 1952(b).

41. Defendant is the proceeds of a violation of 18 U.S.C. § 1952 or is the proceeds traceable to such property and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, Plaintiff seeks arrest of the defendant and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the claimants and any Unknown Claimants to the defendant, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Brandon L. Fyffe*
BRANDON FYFFE
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Federal Bureau of Investigation who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 6/3/2019

_____
Kyle Marcum, Special Agent
Federal Bureau of Investigation

## I. (a) PLAINTIFFS

United States of America

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

$38,980.00 IN UNITED STATES CURRENCY

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
6/3/2019

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____